

IN THE DISTRICT COURT OF OKLHOMA COUNTY
STATE OF OKLAHOMA

MIKE NICKELL, individually and as )
Next of Kin to DORIS NICKELL, deceased, )
                                                            )
               Plaintiff, )
                                                            )
STATE OF OKLAHOMA, ex rel., OKLAHOMA )
DEPARTMENT OF HUMAN SERVICES, a )
Governmental entity; MARGARET MORRIS, as an )
Individual and employee; and ESTHER FISHER, )
as an individual and employee, )
                                                            )
               Defendants. )

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JUL -5 2018

RICK WARREN
COURT CLERK

CASE NO. 40_____

**CJ-2018-3629**

## PETITION

COMES NOW, Plaintiff, Mike Nickell individually ("Nickell") and as Next of Kin to DORIS NICKELL ("Doris"), and for his causes of action against Defendants, alleges and states the following:

### PARTIES, JURISDICTION AND VENUE

1.     Plaintiff is a citizen of Oklahoma and next-of-kin of Doris Nickell, deceased.

2.     Defendant, State of Oklahoma, ex rel., Department of Human Services ("OKDHS") is a government entity statutorily created under the Constitution of Oklahoma, 43A O.S., §10 and 56 O.S. § 162 providing investigation, intervention an assistance for vulnerable adults in reported allegations. They also set requirements for reporting suspected cases of abuse, neglect and exploitation. OKDHS was at times pertinent hereto responsible for these actions. The Garfield County Department of Human Services ("Garfield-DHS") was at all times an instrument and entity of OKDHS and was under its dominion and control.

3.     Defendant Margaret Morris ("Morris") was, at times relevant hereto, an employee or agent for Garfield-DHS and acting under color of the department. Morris, as an employee and agent for Garfield-DHS was, at times relevant hereto, responsible for initiating an investigation to determine if protective services are needed. The investigation focus of Morris was required to be Doris Nickell. Morris was required to approach the investigation with sensitivity to Doris' perception of her situation

**EXHIBIT 2**

and wishes and make an objective assessment of the circumstance and need for involvement. A service plan, if determined necessary, was to meet the needs of Doris in the least intrusive and least restrictive manner. Morris is being sued in an individual and official capacity.

4. Defendant Esther Fisher ("Fisher") was, at times relevant hereto, an employee or agent for Garfield-DHS and acting under color of the department. Fisher, as an employee or agent for Garfield-DHS, was at times relevant hereto responsible for an investigation to determine if protective services are needed. The investigation focus of Fisher was required to be Doris Nickell. Fisher was required to approach the investigation with sensitivity to Doris' perception of her situation and wishes and make an objective assessment of the circumstances and need for involvement. A service plan, if determined necessary, was to meet the needs of Doris in the least intrusive and least restrictive manner. Fisher is being sued in an individual and official capacity.

## SUBSTANTIAL COMPLIANCE WITH THE OKLAHOMA GOVERMENTAL TORT CLAIMS ACT

5. Plaintiff incorporates herein by reference, as if fully set forth herein, the allegations and averments of aforementioned paragraphs.

6. Plaintiff substantially complied with the Notice of Tort Claim requirements as required by the Oklahoma Governmental Tort Claims Act (hereafter "OGTCA"), 51 O.S. § 151, seq.

7. All Defendants received Plaintiff's Notice of Tort Claim letter on August 4, 2016; thus Plaintiff's Notice of Tort Claim is considered filed as of August 4, 2016.

8. Plaintiff suffered the loss by the Defendants' conduct that reasonable became known February, 2016.

9. The deadline for Plaintiff to file a Notice of Tort Claim within one year of complained acts, pursuant to 51 O.S. § 156(B), was February, 2017.

10. None of the listed Defendants approved or denied Plaintiff's Tort Claim, thus pursuant to 51 O.S. § 157(A), Plaintiff's Tort Claim was deemed denied by law on November 2, 2016 – 90 days from August 4, 2016.

**EXHIBIT 2**

11.     Pursuant to Plaitniff's Dismissal Without Prejudice of his cause of action in the United States District Court for the Western District of Oklahoma, Case No. CIV-17-170-R, the Plaintiff is required to file this action on or before July 8th, 2018.

## STATEMENT OF FACTS

12.     Plaintiff incorporates herein by reference, as if fully set forth herein, the allegations and averments of the aforementioned paragraphs.

13.     Between the dates of May, 2014, and February, 2016, the OKDHS and its employees, Garfield-DHS and its employees, Morris and Fisher, caused physical harm and extreme emotional distress upon the Plaintiff. Morris made entry into Doris' residence without knocking and without consent and upon making entry, began verbally abusing Doris. Further, Morris threatened Doris, who was elderly and infirm, with placing her into a nursing home. Morris harassed and stalked Doris for an extended period of time.

14.     During the same period of time, Nickell, who had been extremely meticulous in Doris' care, was stalked, harassed, verbally abused and threatened by the same Morris and other persons. Threats were made towards Nickell by Morris in that Morris would ensure criminal charges be filed against Nickell and he would be placed in jail and that Doris would be taken out of his care for no justifiable reason.

15.     Doris and Nickell contacted multiple persons, including superiors, in the Garfield-DHS office in Enid, Oklahoma, in an attempt to relay the deplorable, malicious and extremely abusive actions of Morris. This proved of no use and the harassment continued until the untimely death of Doris.

## CAUSES OF ACTION

### I. NEGLIGENCE-VICARIOUS LIABILITY

16.     Plaintiff incorporates herein by reference, as if fully set forth herein, the allegations and averments of aforementioned paragraphs.

17.     Defendant OKDHS is vicariously liable for the acts of its employees and/or agents under the doctrine of respondeat superior.

# EXHIBIT 2

18. Defendant OKDHS, through its employees and/or agents, owed a duty to Plaintiff to provide reasonable care.

19. As described herein, Defendant OKDHS, through its employees and/or agents, breached its duty to Plaintiff as required by applicable standards of care, custom and law.

20. Defendant OKDHS, through its employees and/or agents, failed to act reasonably to Plaintiff.

21. Defendant OKDHS, through its employees and/or agents' negligence are the direct and proximate cause of the loss of Plaintiff.

22. AS a result of Defendant's OKDHS, through its employees and/or agents' negligence, Plaintiff suffered damages in the form of loss of property and emotional distress exceeding the amount of $200,000.00.

## II. NEGLIGENCE-HIRING/TRAINING/SUPERVISION

23. Plaintiff incorporates herein by reference, as if fully set forth herein, the allegations and averments of aforementioned paragraphs.

24. Defendant OKDHS owed Plaintiff a duty to exercise reasonable care with respect to hiring, training and supervising at all times of the incidents herein.

25. Defendant OKDHS breached said duty n allowing the acts and/or omissions herein to be committed.

26. Defendant OKDHS knew or should have known of its employees' and//or agents' propensities and those such actions and inactions would create injury to others.

27. Defendant OKDHS continued to place its employees and/or agents in situations when they were untrained and unsupervised and where they could cause damage despite knowing such has already happened in the past.

28. Defendant OKDHS' negligence is the direct and proximate cause of Plaintiff's loss.

29. As a result of Defendant OKDHS, though its employees and/or agents' negligence, Plaintiff suffered damages in the form of loss of property and emotional distress exceeding the amount of $200,000.00.

### III. INCONVENIENCE AND ANNOYANCE

30. Plaintiff incorporates herein by reference, as if fully set forth herein, the allegations and averments of aforementioned paragraphs.

31. As a result of Defendants' actions and inactions Plaintiff has suffered in the form of inconvenience and annoyance.

32. For such injury to Plaintiff, Plaintiff should be granted an award against Defendants in the amount exceeding $200,000.00.

### IV. WRONGFUL DEATH

33. That as a result of the negligent actions of Defendants/ Plaintiff Doris suffered conscious plain and suffering, physical injuries, other damages, and death.

34. That the conscious pain and suffering, physical injuries, other damages, and death suffered by Plaintiff Doris was proximately and directly caused by the negligent acts of the Defendants.

35. As a direct and proximate result of Defendants' negligence in cause the death of Doris, the Plaintiff, as the survivor of the late Doris Nickell, sustained pecuniary loss, mental anguish, emotional pain and suffering, and other damages.

36. At all times herein mentioned, the Plaintiff was acting in a careful and prudent manner and did not assume the risks and was not contributorily negligent.

37. As a result of the negligent acts of the Defendants which resulted in the death of Plaintiff Doris, Plaintiff should be awarded a judgment in excess of $200,000.00.

### V. PUNITIVE DAMAGES

38. Plaintiff incorporates herein by reference, as if fully set forth herein, the allegations and averments of aforementioned paragraphs.

**EXHIBIT 2**

39. Plaintiff is entitled to punitive damages on his claims brought against Defendants' conduct, acts and omission alleged herein constitute reckless or callous indifference to Plaintiff.

WHEREFORE, premises considered, Plaintiff Mike Nickell, individually and as next of kin to Doris Nickell, prays judgment against Defendants on all causes of action asserted herein for damages in excess of $200,000.00 and all other damages for which he is entitled to recover, including, but not limited to punitive damages, together with the reasonable expenses incurred in this litigation and any other further general relief, either legal or equitable, which this Court may deem just and proper.

Respectfully submitted,

_/s/ Mike Nickell_
Mike Nickell
1505 Chickasaw
Enid, OK 74703
Phone: 580-237-4376
Cell: 817-609-5071
Email: Raingass@gmail.com

## VERIFICATION

| STATE OF OKLAHOMA | ) |
|---|---|
|  | ) ss. |
| COUNTY OF OKLAHOMA | ) |

Mike Nickell, of lawful age, after first having been duly sworn upon oath, deposes and states:
That he is the above-named Petitioner individually, and as next of kin; that he has read the above and foregoing Petition; and that the contents contained therein are true and correct to the best of his knowledge.

_/s/ Mike Nickell_
Mike Nickell

Subscribed and sworn to before me this _5th_ day of July, 2017.

ROBERTA CHAMBERS
Notary Public
State of Oklahoma
Commission # 01011013 Expires 08/06/21

_/s/ Roberta Chambers_
Notary Public

6

**EXHIBIT 2**