THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

MIKE NICKELL, next of kin and )
On behalf of the ESTATE OF )
DORIS NICKELL, )
 )
      Plaintiff, )
 )
v. ) CIV-20-144-R
 )
STATE OF OKLAHOMA )
DEPARTMENT OF HUMAN )
SERVICES, MARGARET MORRIS )
and ESTHER FISCHER, )
 )
      Defendants. )

## **ORDER**

Before the Court is the Plaintiff's Motion for Leave to File an Amended Complaint. (Doc.No. 12). Defendants responded in opposition to the motion (Doc. Nos. 14 and 15) and additionally filed motions to dismiss. (Doc.Nos. 6-8). Plaintiff did not file a reply in support of his request for leave to amend nor did he respond to the motions to dismiss.[1] For the reasons set forth herein, Plaintiff's Motion for Leave to Amend is hereby denied, and Defendants' Motion to Dismiss are hereby granted.

In support of the motion, Plaintiff indicates that, because this action was originally filed in state court, he should be permitted to amend his pleadings to comport with the more stringent requirements of federal court pleading.[2] In response to the motion to amend, the

---

[1] Plaintiff may have believed that seeking leave to amend his pleading obviated any need to either respond to the motions or to seek an extension of time to respond pending the outcome of the motion to amend. To the extent that was his belief, it was in error.

[2] Plaintiff filed a prior action stemming from the same underlying events in this Court which he dismissed without prejudice on Jull 8, 2017. He refiled the action in the District Court of Oklahoma County asserting claims under state

Defendants raise numerous arguments, including a contention that the proposed amendment does not comport with the state court order permitting Mr. Nickell leave to amend and that amendment would be futile.

Plaintiff's First Amended Petition alleges that the civil rights of Doris Nickell were violated by Defendants Morris and Fischer in their capacity as employees of the Department of Human Services. Plaintiff alleges that on August 21, 2014, Defendant Morris entered Ms. Nickell's home without permission and searched the premises, threatening to remove Ms. Nickell, an elderly woman being cared for by her son Mike Nickell. Plaintiff further alleges that Ms. Morris and her supervisor Ms. Fischer returned to the home on August 24, 2014, and requested admittance, which Mr. Nickell refused. Mr. Nickell attended a meeting with the women on August 28, 2014 and was informed that an anonymous complaint of elder abuse had been made, which DHS employees were investigating. Plaintiff alleges that he met with Ms. Fischer and his attorney on September 6, 2014 and was told that the home was in good condition and suitable for Ms. Nickell's needs. On September 26, 2014, Ms. Morris allegedly contacted Mr. Nickell's brother and provided him with false information about how Mike Nickell was caring for their mother in an effort to interfere with the parent-child relationship. On October 14, 2014, Ms. Morris allegedly returned to the home with permission and verbally assaulted both Ms. Nickell

---

law against the State and the two individual Defendants, which drew a motion to dismiss. The District Court of Oklahoma County granted motions to dismiss and granted Plaintiff leave to amend only with regard to the State of Oklahoma Department of Human Services. Thereafter Plaintiff amended, but retained Defendats Morris and Fischer, disregarding the state court's order. Defendants thereafter removed the action to this and filed motions to dismiss, which drew the current motion. The Court notes that Plaintiff failed to timely file a response to the motions to dismiss and did not seek an extension of time in which to respond, presumably because he filed the instant motion. The Court notes this is not the proper procedure; rather, Plaintiff should have sought an extension of time in which to respond to the motions to amend and contingent on the results of the instant motion.

and her son. Two days later she allegedly informed Plaintiff's then-counsel that she was out to get Mr. Nickell, and as a result Mr. Nickell informed Defendant Fischer that Ms. Morris was no longer welcome on Ms. Nickell's property. Finally, on March 15, 2015, DHS issued its findings and conclusions, which Plaintiff contends were arbitrary. Ms. Nickell died on June 28, 2015.[3]

Plaintiff originally filed an action premised on these same factual allegations in this Court on February 17, 2017, asserting issues of state law and federal civil rights claims. Plaintiff filed an untimely Amended Complaint on July 6, 2017, presumably in response to the motions to dismiss numerous Defendants had filed. On July 7, 2017, the Court entered an Order noting that the Amended Complaint was untimely and seeking input from Defendants on whether they objected to the untimely amendment. *See* Fed. R. Civ. P. 15(2). The next day Plaintiff filed a Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41. Thereafter, on June 20, 2018, appearing *pro se*, Mr. Nickell sought an extension of time, which the Court presumed as a request for an extension of the one-year savings clause set forth in Okla. Stat. tit. 12 § 100. The Court denied the motion, which was subsequently re-urged and denied again. (Case No. 17-170-R, Doc. Nos 23 and 25).

On July 5, 2018, Plaintiff, appearing *pro se,* filed a Petition in the District Court of Oklahoma County. The petition raised only state law claims. (Doc. No. 1-2). The Defendants each filed a motion to dismiss in August 2018, and on October 8, 2019 the Defendants filed a Motion to Deem Motions to Dismiss Admitted because Plaintiff had not

---

[3] Although it was not specifically alleged in any of the pleadings, Mr. Nickell has been appointed personal representative of his mother's estate. Neither the final pleading in state court nor the proposed amendment distinguish between claims on behalf of Ms. Nickell's estate and any claims Mr. Nickell seeks to press personally.

responded to any of the motions to dismiss.[4] (Doc.No. 1-17). That same day the District Court of Oklahoma County set a hearing on the motions to dismiss for November 25, 2019. (Doc.No. 1-18). In his November 7, 2019 response to the motions to dismiss Plaintiff indicated an amendment of the petition would be necessary, apparently because Mr. Nickell had been appointed personal representative of his mother's estate by the probate court. "Based upon the history of this case, the legal authorities and cited cases, the Plaintiff requests the right to amend his Petition to conform to the proper parties for the Pleading . . . ." (Doc.No. 1-19). Plaintiff did not indicate any intention to amend to include federal claims against any Defendant in the response.

The District Court of Oklahoma County granted the motions to dismiss after a January 21, 2020 hearing. "Upon reviewing the record and having heard oral argument, the Court grants Defendants' respective Motions to Dismiss. Plaintiff is granted leave to amend his Petition, as to Defendant Oklahoma Department of Human Services, only, by Monday February 10, 2020." (Doc. No. 1-21). On February 10, 2020, Plaintiff filed the First Amended Petition, asserting only federal claims under § 1983 and naming all three Defendants.

Relying on the newly pled federal claims, Defendants removed the case on February 19, 2020, and on February 21, 2020 filed separate motions to dismiss. Plaintiff did not seek an extension of time in which to respond but filed the instant March 1, 2020, Motion for

---

[4] Plaintiff had filed three motions for extension of time, one for each motion to Dismiss, on August 31, 2018, seeking an additional twenty days to respond. The court never ruled on the motions. A hearing was scheduled on the motions for March 22, 2019 but stricken by agreement because Plaintiff's counsel had just entered an appearance on March 21, 2019.

Leave to Amend. The Court has reviewed the proposed amendment and compared it to the Petition that formed the basis for removal of the action and finds few proposed amendments. Plaintiff seeks to add jurisdiction and venue allegations, which is not necessary, as federal jurisdiction was established in the Notice of Removal premised on Plaintiff's constitutional claims. Otherwise Plaintiff seeks to add sentences peppered through the proposed amendment including:

1) a sentence indicating that Plaintiff seeks only injunctive relief from DHS (Doc.No. 12-1, p. 1 ¶ 1);

2) a clause to a sentence indicating that the alleged failure to follow Okla. Stat. tit. 43 § 10-105.1 violated Ms. Nickell's procedural due process rights. (Doc.No. 12-1, p. 4, ¶ 4;

3) a sentence asserting that the DHS findings were "arbitrary" and that the "determination violated substantive due process under the Fourteenth Amendment" (Doc.No. 12-1, p. 6, ¶ 11);

4) a paragraph stating that Plaintiff is not asserting a state law claim (Doc.No. 12-1, p. 8, ¶;

5) a paragraph stating that Plaintiff has exhausted all available remedies (Doc.No. 12-1, p. 8; and

6) a list of the relief sought. (Doc.No. 12-1, p. 9).

The Court acknowledges the liberal pleading standard of Federal Rule of Civil Procedure 15, and despite this standard, the Court DENIES Plaintiff's motion as to both DHS and the individual Defendants. With regard to the Oklahoma Department of Human Services,

amendment would be futile. Plaintiff's proposed amended pleading specifically states that he is seeking only injunctive relief from the Department, presumably to avoid the Eleventh Amendment. Under the Eleventh Amendment:

> [s]tates may not be sued in federal court unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity. This prohibition encompasses suits against state agencies [and] [s]uits against state officials acting in their official capacities. But, [u]nder *Ex Parte Young*[, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)], a plaintiff may avoid the Eleventh Amendment's prohibition on suits against states in federal court by seeking to enjoin a state official from enforcing an unconstitutional statute.

*Collins v. Daniels*, 916 F.3d 1302, 1315 (10th Cir. 2019) (internal quotations and citations omitted). Accordingly, DHS, as a state agency, is entitled to Eleventh Amendment immunity regardless of what type of relief Plaintiff seeks.[5]

To the extent Plaintiff could correct this error by pursuing a claim for injunctive relief against a state official in his or her official capacity, amendment would still be futile. Plaintiff alleges that Defendant Morris entered and searched Ms. Doris Nickell's home without permission or a warrant. Doris Nickell died on June 28, 2015, and when determining whether the *Ex Parte Young* exception applies, a court "need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Hill v. Kemp*, 478 F.3d 1236, 1259 (10th Cir. 2007) (internal quotations and citations omitted). Clearly given Ms.

---

[5] To the extent Plaintiff seeks declaratory relief his claims would similarly fail. The purpose of a declaratory judgment is "to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act." Lawrence v. Kuenhold, 271 F. App'x 763, 766 (10th Cir. 2008).

Nickell's death there is no ongoing violation of federal law, nor could any relief be characterized as prospective. For these reasons, amendment as to DHS or a state official in his or her official capacity would be futile.

The Court turns to Plaintiff's allegations against the individual Defendants and finds that amendment would be inconsistent with the state court order, would prejudice the individual Defendants, and would largely be futile. First, the District Court of Oklahoma County granted the individual Defendants' motions to dismiss and specifically ruled that Plaintiff could not amend his allegations against Defendants Morris or Fischer. This ruling, issued before removal, nevertheless persists, following the case from that jurisdiction. *Sawyer v. USAA Ins. Co.*, 839 F.Supp.2d 1189, 1215 (D.N.M. 2012) ("[W]hen a case is removed from state court, the federal court takes the case in its current posture and treats previously entered orders as its own.") (citing *Granny Goose Foods v. Brotherhood of Teamsters, Local No. 70*, 415 U.S. 423, 436-37 (1974)); 28 U.S.C. § 1450 ("[a]ll injunctions, orders and other proceedings" in state court prior to removal remain in force unless "dissolved or modified" by the district court). Plaintiff has not presented a sufficient basis for avoiding the District Court of Oklahoma County's Order.

Additionally, amendment would prejudice Defendants herein, a finding the Court does not make lightly. This case is premised on events that occurred in 2014 and early 2015. Ms. Nickell died in June 2015. Plaintiff has had the opportunity in two lawsuits to plead his claims, and he has vacillated between pleading state law and federal law claims. Although the initial 2017 case included both, when Plaintiff returned to state court in 2018 he excluded any federal claims. Once the state court ruled against him as to his state law

claims Mr. Nickell flipped his theory of recovery, raising only federal claims, and including Defendants who believed they were done with this litigation after many years.

Having concluded that Plaintiff should not be granted leave to amend, the Court considers Defendants' motions to dismiss. DHS's motion to dismiss is GRANTED, for the reasons set forth above in regard to Plaintiff's motion to amend as to DHS. The individual Defendants were dismissed from this action by the District Court of Oklahoma County, and Plaintiff's attempt to return them to this action fails for the reasons set forth above.[6]

For the reasons set forth herein, Plaintiff's Motion to Amend is DENIED. Defendants' individual motions to dismiss are GRANTED.

IT IS SO ORDERED this 10th day of April 2020.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[6] Plaintiff does not specifically ask the Court to reconsider the state court's ruling, arguing in the motion to amend that he did not have an opportunity to appeal the state court's decision because of the timing of removal.